IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| BRECKENRIDGE v. COX, et al. ) | |
| ) | |
| PATRICIA ANN BRECKENRIDGE, ) | |
| ) | |
|    Appellant-Plaintiff, ) | |
| ) | |
|    vs. ) | Case No. 20 C 4834 |
| ) | |
| JACQUELINE P. COX; STEVE ) | |
| MILJUS; VERONICA JOYNER; ) | |
| ROSS BARTOLOTTA; and MARK ) | |
| WHEELER, ) | |
| ) | |
|    Appellees-Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This is a pro se appeal of several orders entered in the United States Bankruptcy Court for the Northern District of Illinois. The first order—entered on November 18, 2019 in case no. 19-16327—dismissed one of Patricia Breckenridge's bankruptcy cases. The second order—entered on December 18, 2019 in case no. 19-34818— denied Breckenridge's motion to impose an automatic stay. The third order— entered on June 29, 2020 in case no. 19-34818—awarded one of Breckenridge's attorneys $4,000 in fees. The final order—entered on August 3, 2020 in case no. 19-34818— denied Breckenridge's request for a hardship discharge under 11 U.S.C. § 1328(b).

Three responding parties have moved the Court to dismiss Breckenridge's appeal pursuant to Federal Rule of Bankruptcy Procedure 8013.

**Background**

Patricia Breckenridge filed a Chapter 13 bankruptcy petition (case no. 19-16327) on June 7, 2019. Steve Miljus represented Breckenridge. Ross Bartolotta represented Nissan Motor Acceptance Corporation, a secured creditor. In September 2019, Breckenridge's Chapter 13 plan was confirmed by U.S. Bankruptcy Judge Jacqueline P. Cox. After Breckenridge failed to make plan payments, the Chapter 13 Trustee moved to dismiss. The bankruptcy court granted that motion on November 18, 2019. On December 18, 2019, that case was closed, and the Trustee was discharged.

Thereafter, Breckenridge filed another Chapter 13 petition (case no. 19-34818) in the same court, and it was assigned to the same judge. This time Breckenridge was represented by Veronica Joyner. On December 18, 2019, the bankruptcy court denied Breckenridge's emergency motion to impose an automatic stay. On June 1, 2020, the bankruptcy court denied confirmation of Breckenridge's Chapter 13 debtor plan. And on June 29, 2020, the bankruptcy court granted the Trustee's motion to dismiss the case and entered an order awarding Joyner $4,000 in attorney's fees.

In July 2020, Breckenridge filed a motion to vacate the award of attorney's fees. Breckenridge requested a hardship discharge because she was unable to pay the fees due to decreased income as a result of the coronavirus pandemic. On August 3, 2020, the bankruptcy court denied the motion to vacate. Breckenridge appealed to this Court on August 17, 2020.

**Discussion**

At the outset, the Court determines it does not have jurisdiction to consider several arguments made in Breckenridge's briefs. District courts have jurisdiction to

consider "appeals from final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. §158(a)(1). Appeals from a bankruptcy court's final judgment, order, or decree must be "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. §158(c)(2).

Generally, a notice of appeal from a decision by the bankruptcy court "must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). "The 14-day time limit to file notice of appeal of the bankruptcy court's judgment or order is jurisdictional," and thus "the failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal." *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016).

With these standards in mind, the Court concludes that it lacks jurisdiction to review three of the four orders Breckenridge claims were erroneously entered. Breckenridge timely appealed the bankruptcy court's August 3, 2020 order denying her motion to vacate. However, her appeals of the November 18, 2019, December 18, 2019, and June 29, 2020 orders were untimely, as well over 14 days passed between the dates these orders were entered and the date Breckenridge filed her notice of appeal, August 17, 2020.

The Court addresses on the merits Breckenridge's appeal from the August 3, 2020 denial of the motion to vacate the attorney's fees award. Breckenridge sought a hardship discharge; the bankruptcy court denied her motion and Breckenridge filed a timely notice of appeal. District courts reviewing appeals under 28 U.S.C. § 158(a) "apply a clear error standard to the bankruptcy court's factual findings, and review its

3

resolutions of legal questions de novo." *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010) (emphasis omitted). "If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, [courts] will not reverse its factual findings even if [they] would have weighed the evidence differently." *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008) (internal quotation marks omitted). "On the other hand, de novo review requires an independent examination without deference to the bankruptcy court's conclusions." *In re Brown*, 444 B.R. 173, 175 (S.D. Ind. 2011).

Under section 1328(b), a bankruptcy court:

may grant a discharge to a debtor that has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
(3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b).

The bankruptcy court denied Breckenridge's motion because no plan had been confirmed in case no. 19-34818 and thus, Breckenridge could not be eligible for discharge under section 1328(b). That reasoning is unassailable. Breckenridge does not argue that there was a plan in case no. 19-34818, nor could she. Absent a clearly erroneous factual finding, the Court must affirm. *See Freeland*, 540 F.3d at 729.

## Conclusion

Breckenridge's motions to respond [dkt. nos. 14 & 15] and motion to amend her response [dkt. no. 16] are granted, and the Court has taken the pertinent filings as her

responses. For the reasons stated above, the responding parties' motions to dismiss [dkt. nos. 11, 12, 13] are granted in part. The Court dismisses for want of jurisdiction Breckenridge's appeals involving the bankruptcy court orders entered on November 18, 2019, December 18, 2019, and June 29, 2020. The Court affirms the bankruptcy court's August 3, 2020 order, which is the only challenged order that Breckenridge timely appealed. The Clerk is directed to enter judgment dismissing the appeal to the extent it concerns the bankruptcy court's orders of November 18, 2019, December 18, 2019, and June 29, 2020 and affirming the bankruptcy court's order of August 3, 2020.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 18, 2021